Robert BARBER, Appellant,

v.

STATE of Missouri, Respondent.

No. 63255.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1993.

Application to Transfer Denied
Nov. 23, 1993.

Dave Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., R. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Robert Barber appeals denial of Rule 24.-035 relief without an evidentiary hearing. Barber was charged with a class B felony, delivery of a controlled substance, cocaine. Section 195.211.1 RSMo Cum.Supp.1990. At the time of the guilty plea the state informed the court that pursuant to a plea bargain it would recommend a five-year sentence to be served concurrent with an unrelated, previously imposed two-year sentence. Over objection by the state, the court deferred sentencing for a period of two weeks. Defendant did not appear for sentencing on the appointed day. Approximately two months thereafter, defendant surrendered to the police. The court sentenced defendant to serve a term of ten years, concurrent with the previous sentence.

The narrow issue in this appeal is whether the court must grant an evidentiary hearing to determine whether plea counsel was ineffective so as to render the guilty plea involuntary "by failing to confer with [movant] about the case or the possibility of taking it to trial."

The records made at the plea hearing and at the sentencing hearing fully and completely rebut movant's position. No hearing on the motion was required. Rule 24.035(g). The court examined movant at the time the plea was entered and at the time of sentencing regarding conduct of defense counsel. At the plea hearing, movant acknowledged that he had been fully advised by his attorney as to all aspects of the case, including his legal rights and the possible consequences of a guilty plea. After announcing sentence, the court inquired of movant whether he had sufficient time to discuss his case with his attorney before he entered the plea of guilty. He answered, "Yes." These responses, and others, supported a finding by the plea court that the guilty plea was knowingly, intelligently and voluntarily made. They also sup-

port the findings of fact and conclusions of law of the motion court that movant's claim of ineffective assistance of counsel for failure to confer about the case or the possibility of a trial are without merit. The findings of the motion court are not clearly erroneous. Rule 24.035(j); *Murray v. State,* 775 S.W.2d 89, 90 (Mo. banc 1989), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1171, 107 L.Ed.2d 1073 (1990).

In considering the claim of ineffective assistance of counsel for failure to confer, this court has also considered several other matters that appear in the record: (1) movant acknowledged prior drug possession convictions; (2) movant's age, education and experience, including prior experience in criminal charges; and, (3) the nature of the charge and the available evidence which would be known to movant and defense counsel at the time the guilty plea was entered. Movant and a companion, acting together, knowingly delivered cocaine to an undercover detective, a hand-to-hand delivery. Individually and collectively, these factors are further support for the finding movant was aware of all his legal rights, including the possibility of taking the case to trial, and the possible consequences of the plea.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.